Milord A. Keshishian, SBN 197835
milord@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
LA GEM & JEWELRY DESIGN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHAMILIA, LLC., a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:18-cv-5770<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATION OF COPYRIGHT INVALIDITY/NON-INFRINGEMENT OF COPYRIGHT**<br>2. **DECLARATION OF TRADE DRESS INVALIDITY/NON-INFRINGEMENT**<br>3. **DECLARATION OF NO UNFAIR COMPETITION UNDER THE LANHAM ACT**<br>4. **DECLARATION OF NO UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Plaintiff LA Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorneys, sues Chamilia, LLC ("Chamilia" or "Defendant") and alleges:

## THE PARTIES

1.     Plaintiff LA Gem is a California corporation having a place of business in Los Angeles, California.  LA Gem also conducts business under its LA Rocks trademarks.

2.     Upon information and belief, Defendant Chamilia is a Delaware limited liability company, with its principal place of business at One Kinney Drive, Cranston, Rhode Island, 02920.  Chamilia operates brick-and-mortar stores in California and its web store located at http://www.chamilia.com, and does business in and with the state of California, in particular within this District by maintaining a physical presence here and distributing its products throughout the United States including in California, with at least five retail locations within this Judicial District.

3.     Specifically, at all relevant times, Chamilia has:

(a) made threatens of infringement directed to a Los Angeles-based company, i.e. Plaintiff;

(b) maintained physical store fronts in this District;

(c) registered and maintained registration with the California Secretary of State to conduct business in California;

(d) operated fully interactive retail ecommerce websites and storefronts that solicit and engage in regular business in California and this District, deriving a substantial volume—in dollars and units—and percentage of their business and revenue from sales to California, including at least five retail locations in this Judicial District; and

(e) placed their products in the stream of commerce by exploiting the benefits of the California market, actively conducting transactions with California customers, accepting payments from those customers, and

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

shipping infringing products into California and this District.

4.     LA Gem is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names.  LA Gem will ask leave of court to amend this Complaint to state the true names and capacities of the defendants sued as DOES when the same are ascertained.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b); the Copyright Act, 17 U.S.C. § 101 *et seq.*; the Lanham Act, 15 U.S.C. §§ 1125 and 1121 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.  The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.     Chamilia has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law, including:

(a) threatening infringement directed to a Los Angeles-based company, i.e. Plaintiff;

(b) maintaining physical store fronts in this District;

(c) registering and maintaining registration with the California Secretary of State to conduct business in California;

(d) operating fully interactive retail ecommerce websites and storefronts that solicit and engage in regular business in California and this District, deriving a substantial volume—in dollars and units—and percentage of their business and revenue from sales to California and this District, including at least five retail locations in this Judicial District; and

(e) not merely passively placing their products in the stream of commerce, but rather exploiting the benefits of the California market, actively conducting transactions with California customers, accepting payments

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

from those customers, and shipping infringing products into California and this District.

7.     Defendant expressly aimed its intentional acts by:

(a) actively promoting and operating fully interactive retail ecommerce websites and storefronts that market, sell, and deliver a substantial volume of products at issue to customers in California, including at least five retail locations in this Judicial District; and

(b) knowingly directly competing with LA Gem in the same California market.

8.     Chamilia's intentional acts caused a substantial amount of harm in California and this District that Chamilia knew or should have known was likely to be suffered here. Specifically, it was foreseeable that harm would be inflicted in the forum where LA Gem has its principal place of business;

9.     But for Chamilia's intentional, substantial, continuous, systematic, and indiscriminate business activities in California and this District, LA Gem would not have suffered the harm caused by Chamilia's threats and undermining of LA Gem's market. Chamilia engages in a significant quantum of commercial contact with California residents.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because Chamilia conducts business in this District, physically resides in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

11.    LA Gem is a designer and creator of jewelry whose jewelry pieces are sold by numerous national retailers, including Target Corporation ("Target").

12.    On September 15, 2017, Chamilia's counsel sent a letter to Target accusing it of "advertising and selling bracelets that imitate Chamilia's Bracelet collection. In

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

particular, Target's imitation 'Silver Plated Two Tone Bangle Bracelets' […] are nearly identical to pieces designed and offered by Chamilia." (A true and correct copy of the letter is attached hereto as EXHIBIT 1).  Indeed, Chamilia made brazen accusations without any copyright registrations or issued patents.  In fact, its false claims of infringement are unfounded and simply based on Chamilia "considering filing for intellectual property protection of this collection" (the "Chamilia Bracelets").

13.     On October 23, 2017, LA Gem's counsel refuted Chamilia's claims and requested that all further correspondence be directed to counsel for LA Gem as the manufacturer of the ID bangles at issue (the "LA Gem Bracelets").  LA Gem asserted that Chamilia cannot enforce non-existent rights when it has no copyright registrations or issued patents, cannot obtain either, and thus no infringement exists as a matter of law.  It further provided that the product did not perform well and would no longer be sold at Target, without a timeframe, once its stock extinguished and immediately demanded a retraction of Chamilia's correspondence to Target by November 1, 2017.  (A true and correct copy is attached hereto as EXHIBIT 2).

14.     On November 8, 2017, Chamilia's delinquent response did not withdraw its allegations, but instead asserted that it was filing copyright applications and now accused LA Gem of a newly fabricated unfair competition claim.  (A true and correct copy is attached hereto as EXHIBIT 3).

15.     On March 8, 2018, Chamilia's counsel again sent a letter to Target accusing it of "advertising and sale of 'Silver Plated Two Tone Bangle Bracelets' that imitated Chamilia's ID Bangles collection of bracelets." Further, it threatened that Target must "immediately cease all advertising and sale (online and in retail stores) of the accused products in Exhibit B in accordance with [LA Gem's] October 23rd representation." (A true and correct copy of the letter, without prior exhibits, is attached hereto as EXHIBIT 4).

16.     Accordingly, Chamilia's threats of patent, copyright, trade dress infringement, and unfair competition have created an actual, substantial and justiciable

**COMPLAINT – Jury Demand**

case or controversy between LA Gem – its retailer Target – and Chamilia concerning the right of LA Gem to manufacture and sell the LA Gem Bracelets.  Furthermore, to the extent that apprehension of suit remains relevant to considerations of jurisdiction for declaratory judgment, LA Gem has a reasonable apprehension of imminent suit by Chamilia.

17.     As a result of Chamilia's infringement and unfair competition claims, the threats of litigation remain because LA Gem now intends to sell LA Gem Bracelets to other retailers.  Chamilia has not withdrawn its threats of infringement, unfair competition, or its threats of litigation.  Indeed, Chamilia's March 8, 2018 letter continues to threaten litigation unless LA Gem immediately stops selling LA Gem's Bracelets.

18.     Chamilia made threats of infringement though it knew it had no copyrights filed and no patents granted, thus it knew or should have known there was no reasonable basis for alleging infringement.  Accordingly, LA Gem is entitled to attorneys' fees and costs.

## COUNT I

### Declaration of Copyright Invalidity/Non-Infringement of Copyright

19.     LA Gem hereby realleges and incorporates the allegations in paragraphs 1 to 18 of the complaint as if fully set forth herein.

20.     LA Gem did not infringe, has not infringed, does not infringe and is not infringing Chamilia's purported copyrights simply because Chamilia has no registered copyrights and its designs do not meet the minimal level of creativity for copyright protection.

21.     Chamilia's Bracelets have unremarkable preexisting third-party designs and common geometric shapes to which Chamilia cannot claim copyright protection because these shapes do not exhibit the minimal level of creativity to warrant copyright protection.

**COMPLAINT – Jury Demand**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

22.     Chamilia's Bracelets are mere copies of pre-existing jewelry designs and phrases and not entitled to copyright protection.

23.     Furthermore, Chamilia's Bracelets and the LA Gem Bracelets are not substantially similar in protectable elements, if any.

24.     Chamilia's Bracelets are imprinted with a single word or short phrases that contain ubiquitous ideas which are inextricable from this form of expression.  Copyright law protects the expression of ideas but not the ideas themselves.  The ideas and expressions here are inseparable because protecting the expression of the idea on Chamilia's Bracelets would confer a monopoly upon the idea itself, and this is impermissible as a matter of law.

25.     LA Gem alleges, upon information and belief, that Chamilia is using threats of copyright infringement to unlawfully secure an exclusive right or limited monopoly not granted by copyright law.

26.     LA Gem alleges, upon information and belief, that Chamilia is using threats of copyright infringement to restrain LA Gem's use of public domain jewelry ideas.  This is an improper use of copyright law because Chamilia cannot threaten copyright infringement to enforce a copyright that it does not own.

27.     LA Gem is entitled to a declaratory judgment that Chamilia's copyright misuse prohibits copyright enforcement by Chamilia against LA Gem and its customers.  Furthermore, LA Gem's sales of the LA Gem Bracelet does not infringe on any purported copyrights that Chamilia claims.

## COUNT II

### Declaration of Non-Infringement, Invalidity, and
### Unenforceability of Alleged Trade Dress

28.     LA Gem hereby realleges and incorporates the allegations in paragraphs 1 to 27 of the complaint as if fully set forth herein.

29.     On information and belief, Chamilia failed to identify its purported trade

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

dress with particularly or show secondary meaning in the Chamilia Bracelets, as required under the Lanham Act.

30.     LA Gem does not infringe and has not infringed any protectable trade dress rights of Chamilia in the alleged trade dress, nor engaged in any unfair competition or false designation of origin.

31.     Chamilia's alleged trade dress does not constitute a valid and protectable trademark because it is functional, lacks distinctiveness, and cannot serve as a source identifier for Chamilia.

32.     Chamilia is barred by the doctrines of waiver, laches, and/or estoppel from asserting the alleged trade dress against LA Gem.

33.     LA Gem respectfully submits that it is entitled to a declaration from this Court that LA Gem has not infringed any protectable trade dress right by selling the LA Gem Bracelet; Chamilia has no rights in the alleged trade dress; Chamilia is barred from asserting any claim for infringement of the alleged trade dress against LA Gem; and LA Gem has not engaged in unfair competition or false designation of origin, with respect to the alleged trade dress.

## COUNT III

### Declaration of No Unfair Competition Under the Lanham Act

34.     LA Gem hereby realleges and incorporates the allegations in paragraphs 1 to 33 of the complaint as if fully set forth herein.

35.     Chamilia alleges that LA Gem engaged in false, misleading, and deceptive business practices by selling and offering for sale the LA Gem Bracelets at Target.

36.     LA Gem denies that it has engaged in any false, misleading and deceptive business practices under 15 U.S.C. § 1125.

37.     There exists an actual and justiciable controversy between Chamilia and LA Gem with respect to such allegedly false, misleading, or deceptive business practices by LA Gem.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1    38.    LA Gem seeks a declaratory judgment that it has not engaged in false,

2  misleading or deceptive business practices as alleged by Chamilia. A judicial declaration

3  is necessary and appropriate at this time so that LA Gem can ascertain its rights.

### COUNT IV
### Declaration of No Unfair Competition Under State Law

6    39.    LA Gem hereby realleges and incorporates the allegations in paragraphs 1 to

7  38 of the complaint as if fully set forth herein.

8    40.    Chamilia alleges that LA Gem has engaged in unlawful, unfair, and/or

9  fraudulent business practices under state law.

10    41.    LA Gem denies that it has engaged in any unlawful, unfair, and/or

11  fraudulent business practices within the meaning of California Business and Professions

12  Code because Chamilia had no registered copyrights, copyrightable designs, nor

13  protectable trade dress in Chamilia's Bracelets.

14    42.    There exists an actual and justiciable controversy between Chamalia and LA

15  Gem with respect to such allegations of unlawful, unfair, and/or fraudulent business

16  practices.

17    43.    LA Gem seeks a declaratory judgment that it has not engaged in any

18  unlawful, unfair, and/or fraudulent business practices under California Business and

19  Professions Code as alleged by Chamilia. A judicial declaration is necessary and

20  appropriate at this time so that LA Gem can ascertain its rights.

### PRAYER

23    WHEREFORE, Plaintiff LA Gem prays for judgment against Chamilia as follows:

24    A.    For a declaration from this Court that the LA Gem Bracelets do not infringe

25  Chamilia's copyrights or trade dress rights whether actual or alleged;

26    B.    For a declaration from this Court that the Chamilia's alleged subject

27  copyrights are not enforceable against LA Gem;

28    C.    For a declaration from this Court that LA Gem has not infringed Chamilia's

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**COMPLAINT – Jury Demand**

copyrights in Chamilia's Bracelets by virtue of the manufacture and sale of the LA Gem Bracelets;

D.      For a declaration from this Court that LA Gem may continue to manufacture and sell the LA Gem Bracelets to other nationwide retailers;

E.      For an order from this Court that Chamilia's Bracelets do not meet the requirements for copyright registration;

F.      For a declaration from this Court that the alleged trade dress is invalid, unenforceable, generic, descriptive, functional, ornamental and/or decorative, and that Chamilia's alleged trade dress has not obtained secondary meaning;

G.      A declaration that LA Gem has not infringed Chamilia's purported trade dress rights;

H.      A declaration that Chamilia has no protectable rights in the alleged trade dress;

I.      A declaration that LA Gem's acts do not amount to unfair competition under the Lanham Act or the laws of the State of California;

J.      For an injunction preventing any further interference by Chamilia with LA Gem, its customers, manufacturers, retailers and suppliers manufacture, distribution and sales of the LA Gem Bracelets;

K.      For costs of suit incurred, including, but not limited to reasonable attorneys' fees;

L.      That this Court grant such other and further relief that it deems just and proper.

Dated:  June 29, 2018                    Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**


/s/ Milord Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
LA GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

3

4   Dated:  June 29, 2018                    **MILORD & ASSOCIATES, P.C.**

5

6                                            /s/ Milord Keshishian
                                             Milord A. Keshishian
7                                            Attorneys for Plaintiff
                                             LA GEM & JEWELRY DESIGN, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**COMPLAINT – Jury Demand**

EXHIBIT 1



**Susan E. Farley**
Partner
Susan.Farley@hrfmlaw.com

September 15, 2017

**VIA ELECTRONIC MAIL** (Stephen.Lee@target.com) **AND FEDEX DELIVERY**
Stephen Lee, Esq.
Senior Director, Assistant General Counsel
Intellectual Property
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403

    Re:  Infringement of Chamilia, LLC ID Bangles Collection
        Our File No.:   3910.013

Dear Mr. Lee:

   We are intellectual property counsel to Chamilia, LLC, a wholly owned subsidiary of Swarovski North America, Ltd.  As you may know, Chamilia is a leading brand of exquisitely designed charms and jewelry.

   It has recently come to our attention that Target Corporation is advertising and selling bracelets that imitate Chamilia's ID Bangles collection of bracelets.  In particular, Target's imitation "Silver Plated Two Tone Bangle Bracelets" (see Exhibit A attached hereto) are nearly identical to pieces designed and offered by Chamilia.  Examples are shown below:

     **CHAMILIA**       **TARGET**



Stephen Lee, Esq.
September 15, 2017
Page 2 of 2



  The ID Bangles collection is a brand new collection of bracelets. Chamilia invested significant time and resources to design and market this popular collection and is extremely concerned that these products are already the subject of wholesale copying by Target.

  Please be advised that Chamilia is in the process of evaluating its legal options and is considering filing for intellectual property protection of this collection. However, since this matter has just been brought to our attention, we wanted to provide Target with notice as soon as possible. For obvious reasons, we strongly suggest that Target immediately reconsider its offering of the knock-off "Silver Plated Two Tone Bangle Bracelets". It would be our client's hope to resolve this without litigation.

  While Chamilia continues to evaluate this matter, we ask that you provide the name and contact information of Target's supplier of the "Silver Plated Two Tone Bangle Bracelets" so that Chamilia may also provide them with notice. We look forward to receiving this information by **September 29, 2017**.

  *Without prejudice to all rights, remedies and causes of action that Chamilia has, including recovery of damages, injunctive relief and attorneys' fees.*

    Very truly yours,

    HESLIN, ROTHENBERG, FARLEY & MESITI P.C.

    Susan E. Farley

SEF/SKS/srb
Attachment: Exhibit A

cc: Shanna K. Sanders, Esq.

EXHIBIT 2



October 23, 2017

***Via E-Mail To: Susan.Farley@hrfmlaw.com***
***Confirmation Via U.S. Mail***

Susan E. Farley, Esq.                        **<u>FRE §408 – FOR SETTLEMENT PURPOSES ONLY</u>**
Heslin Rothenberg Farley Mesiti
5 Columbia Circle
Albany, NY 12203

   Re: Chamilia, LLC's Unfair Competition
      Your Ref. No.: 3910.013
      <u>Our Ref. No.:  LAR08-187L</u>

Dear Ms. Farley:

   Your meritless letter of September 15, 2017 to Target Corporation ("Target") alleging infringement of Chamilia, LLC's non-existent rights in ID bangles has been forwarded to us for response.  We represent LA Gem & Jewelry Design, Inc. ("LA GEM"), the manufacturer of the ID bangles at issue, and request that all further correspondence be directed to our office.  It is the parties' policy to respect the **<u>valid</u>** intellectual property rights of others and the parties take all infringement assertions very seriously.

   Chamilia's tempestuous infringement allegations end with a whimpering submission that Chamilia "is considering filing for intellectual property protection of this collection."  False and baseless claims of infringement have now exposed Chamilia to unfair competition and tortious interference claims.  *See, e.g., Fisher Tool Co., Inc. v. Gillet Outillage*, 530 F.3d 1063, 1068 (9th Cir. 2008); *CB Worldwide, Inc. v. Xena Exp., Inc.*, 2009 WL 3244735, *4 (C.D. Cal. 2009); *Art Line, Inc. v. Universal Design Collections, Inc.*, 966 F. Supp. 737, 744 (N.D. Ill. 1997).  Nothing could be more objectively baseless than infringement allegations of non-existent intellectual property rights. Therefore, LA Gem requests that Chamilia immediately issue a retraction to Target regarding its baseless and objectively unreasonable infringement allegations.

   In addition, we will take this opportunity to dissuade Chamilia's delayed pontification of pursuing intellectual property protection, mainly because there is no patent protection in a nonnovel and obvious design as evidenced by prior art – in addition to the one-year statutory on-sale bar, there is no copyright infringement of short phrases or simple shapes, and there is no trade dress protection in a functional and widely used ID bangle design.

   As Chamilia should know, the on-sale bar renders an invention unpatentable if "there was a

Susan E. Farley, Esq.
October 23, 2017
Page 2

**FRE §408 – FOR SETTLEMENT PURPOSES ONLY**

definite sale or offer to sell more than one year before the application for the patent and that the product sold or offered for sale anticipated the claimed invention or rendered it obvious." *Minnesota Mining & Mfg. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002). Chamilia's same exact bangles were offered for sale to retailers in the summer of 2016 and even posted to Chamilia's blog over one year ago. *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 830 (Fed. Cir. 1991) ("[a] single sale or offer to sell is enough to bar patentability") (citation omitted). Thus, it is a little late to begin evaluating intellectual property protection options, which – even if timely – are not available.

Assuming, *arguendo*, the one-year on-sale bar is inapplicable, Chamilia is surely not brazen enough to claim invention of shape memory alloys, ID bangles, or the catch mechanism. Because even if it were so brazen, it is betrayed by expansive prior art. Even a cursory patent search disclosed non-exhaustive prior art that eviscerates Chamilia's pontificated patent protection. For example, US Patent No. D247,482, issued to Shupp On March 14, 1978, discloses the latch mechanism for a memory alloy ID bangle:



*FIG. I*

Should Chamilia incorrectly believe that it was the first to hang a charm or pendant on a bangle with the latch mechanism, it will be rudely corrected by Patent No. D759,528, issued to Stepper et al., and filed on March 14, 2014:



FIG. 1

Should Chamilia incorrectly believe that it was the first to place unprotectable short phrases on an oval ID plate, it will be rudely corrected by numerous preexisting jewelry designs on the market, some examples of which follow:



Bangles

Range: Children's Jewellery - D for Diamonds

Price: £70.00

add to cart ▸

Susan E. Farley, Esq.
October 23, 2017
Page 3

**<u>FRE §408 – FOR SETTLEMENT PURPOSES ONLY</u>**





You should obviously not rely solely on our cursory patentability search, but – if Chamilia is not yet convinced that its jewelry pieces are nonnovel and obvious – should conduct your own patentability search to properly advise Chamilia of the unavailability of patent protection.

Regarding unavailability of copyright protection, it is axiomatic that copyright law denies protection to "fragmentary words and phrases" and to "forms of expression dictated solely at functional considerations" on the ground that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection. *CMM Cable Rep. Inc. v. Ocean Coast Props.*, 97 F.3d 1504 (1st Cir. 1996). Also, the phrases that Chamilia contends are similar were used by LA Gem long before Chamilia's adoption thereof. Further, Chamilia's use of unremarkable preexisting designs and geometrical shape are unprotectable because copyright law denies protection to geometrical shapes on the grounds that the use of common geometrical shapes does not exhibit the minimal level of creativity necessary to warrant copyright protection. For example, the court in *Yankee Candle* held that the plaintiff's use of common geometrical shapes did not enjoy copyright protection. *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F. 3d 25, 35 (1st Cir. 2001) ("this collection of common geometric shapes with a particular photographic technique is not sufficiently original to qualify for copyright protection."), citing *Atari Games Corp v. Oman*, 979 F. 2d 242, 247 (D.C. Cir. 1992) ("we do not in any way question the Register's position that 'simple geometric shapes and coloring alone are per se not copyrightable'"); *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F. 2d 541, 545

Susan E. Farley, Esq.
October 23, 2017
Page 4

**FRE §408 – FOR SETTLEMENT PURPOSES ONLY**

(2d Cir. 1959) (circular, rectangular, and octagonal shapes not protected); *William F. Geiger Corp. v. Gigi Accessories, Inc.*, 1997 WL 458668, at *2 (S.D. N.Y. 1997) (plaintiff has no right to copyright a geometric shape).

Much like Chamilia's "taking inspiration" from Pandora® charms, the ID bangles at issue are clearly copies of pre-existing jewelry and phrases, and any presumption of validity afforded a copyright registration is rebutted, and the work will not be entitled to copyright protection. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1218, 1221-22 (9th Cir. 1997).

To prevail on the merits of a copyright infringement claim, Chamilia must establish both the ownership of a valid copyright and copying by the defendant of constituent elements of the work that are **original**. *Feist Publ'ns, Inc. v. Rural Tel. Servs., Inc.*, 499 U.S. 340, 361 (1991). The second prong of *Feist* consists of two parts: (1) the plaintiff must prove that the defendant actually copied the plaintiff's copyrighted work as a factual matter, *and* (2) the plaintiff must prove that the copying of the protected expression was "so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" *Yankee Candle Co.*, 259 F. 3d at 33 (citation omitted). Assuming that the bangle ID and pendants were not "preexisting material" and assuming, *arguendo*, that Chamilia can establish a protectable copyright in said designs and that LA Gem had access thereto, there can be no copyright infringement. A side by side comparison of LA Gems' and Chamilia's pendants proves they are not substantially similar.

As you are aware, copyright protects expression of ideas, but not the ideas themselves. *See,* 17 U.S.C. §102(b) ("in no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."). Thus, LA Gems is free to make its own rendition of a widely available ID bangle with LA Gem's own pendants, which it rightfully did, without infringing Chamilia's non-existent copyrights. Further, the ID bangles with phrases are ubiquitous ideas which are inextricable from the form of expression and infringement cannot lie. *See Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 741 (9th Cir. 1971) (Holding that there can be no copyright infringement even if jeweled bee design were copied: "When the 'idea' and its 'expression' are thus inseparable, copying the 'expression' will not be barred, since protecting the 'expression' in such circumstances would confer a monopoly of the 'idea' upon the copyright owner free of the conditions and limitations imposed by the patent law.")

Turning now to purported trade dress, to prevail in a trade dress infringement action under § 1125(a) of the Lanham Act, Chamilia must prove (1) the claimed dress is nonfunctional; (2) the claimed trade dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion. *Disc Golf Assn., Inc. v. Champion Discs, Inc.,* 158 F.3d 1002, 1005 (9th Cir. 1998). Unlike other forms of trade dress, the *design* of a product is not, and cannot be, inherently distinctive. *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, 212, 120 S.Ct. 1339 (2000). Thus, product design can be protected as trade dress "only upon a showing of secondary meaning." *Id.* at 216. There is no trade dress subject of any U.S. trademark registration identified,

Susan E. Farley, Esq.
October 23, 2017
Page 5

### FRE §408 – FOR SETTLEMENT PURPOSES ONLY

thus, Chamilia is obligated to plead and prove how it has obtained and maintained such rights.  *See, e.g., La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271 (2d Cir. 1974) ("There is no such thing as property in a trade-mark except as a right appurtenant to an established business or trade in connection with which the mark is employed.").  To that end, Chamilia's correspondence fails to identify with particularity what trade dress it may possibly have, which silence itself is deafening.  A plaintiff "must articulate the design elements that compose the trade dress."  *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2d Cir. 2001).  Further, the claimed trade dress must be "with sufficient particularity," with the claimant enumerating "the specific elements which comprise its distinct dress."  *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997).  This is because "a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of generality, i.e., the claimant seeks protection for an unprotectable style, theme or idea."  *Id.*

Thus, Chamilia is required to identify its purported trade dress with particularity and show secondary meaning in every one of its ID bangles, combined with every one of its purported charms.  This task, to say the least, is unachievable as a matter of law.  Further, it is placing the cart in front of the horse because such a broad definition renders the concept functional, *i.e.* it is supposed to relay different aesthetic and inspirational messages to the purchaser and not identify the source of the goods.  As such, "a product feature whose only impact is decorative and aesthetic, with no source-identifying role, cannot be given exclusive rights under trade dress law."  1 McCarthy § 8:1.

Assuming functionality can be overcome, one way to show acquired secondary meaning in product design trade dress is through trademark registration.  Not only does Chamilia not have a trademark registration in the purported trade dress, it does not even have a pending application.  Thus, in order to establish secondary meaning, Chamilia must "show that, in the minds of the public, the *primary significance* of a product feature or term is to identify the source of the product rather than the product itself."  *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 766 n.4 (1992) (emphasis added).

The factors to be considered in a secondary meaning analysis include: (1) whether actual consumers of the product associate the claimed dress with the producer; (2) the degree and manner of advertising the trade dress; (3) the length and manner of use of the claimed trade dress; and (4) whether use of the claimed dress has been exclusive.  *Levi Strauss & Co. v. Blue Bell, Inc.,* 778 F.2d 1352, 1358 (9th Cir. 1985).  "An expert survey of purchasers can provide the most persuasive evidence on secondary meaning."  *Id.*  The absence of a survey from the correspondence leads us to believe that no survey was done.

With respect to the "advertising of the trade dress," Chamilia's correspondence fails to identify any advertising sufficient to establish trade dress rights.  Proper advertising requires a trade dress claimant to distinctly relay what the trade dress is to the relevant public and specifically inform the public what to "look for" in identifying the trade dress with the source of the goods.  *Yankee Candle Co.*, 259 F.3d at 44.  In our search of Chamilia's advertisements, we were unable to locate a single "look for" advertisement that identified Chamilia's trade dress.

Susan E. Farley, Esq.
October 23, 2017
Page 6

**FRE §408 – FOR SETTLEMENT PURPOSES ONLY**

We cannot currently identify the length of use of the trade dress, because the introduction dates of each allegedly unique pendant or script are unknown, but are believed to be summer of 2016.

With respect to Chamilia's *exclusive* use of the alleged trade dress, it is betrayed by the numerous pre-existing similar designs on the market.  In *Levi Strauss & Co. v. Genesco, Inc.*, 742 F.2d 1401, 222 U.S.P.Q. (BNA) 939 (Fed. Cir. 1984), the Federal Circuit affirmed the Trademark Trial and Appeal Board's refusal to register a mark for a shoe tab trade dress noting that "Levi's use of a tab on shoes has been neither first nor exclusive," thus, it failed to show that its mark was distinctive.  *Id.* at 1405.  In light of the provided patents and products on the market, Chamilia cannot seriously argue that it was the first to place phrases on a ID bangle.  In addition to the patents and the non-exhaustive examples of third party users of scripted ID bangle jewelry, Chamilia cannot maintain that its use was exclusive.  Nor can it maintain any trade dress rights.

In sum, Chamilia is attempting to enforce its non-existent rights – in an anticompetitive manner.  Because Chamilia does not have any enforceable intellectual property rights and the subject products cannot infringe as a matter of law, LA Gem expects a retraction of Chamilia's correspondence to Target by **November 1, 2017**.  As for the product at Target, the run did not perform well and it will not be sold at Target.

If you should have any additional questions or comments, please feel free to contact us.  The foregoing is not intended nor shall it be deemed a complete statement of the facts or our client's position in this matter.  Nothing contained in or omitted from the foregoing shall be deemed an admission or an omission or a waiver of any of our clients' rights, remedies or positions in this matter.

Sincerely,

Milord A. Keshishian

MAK/svt

cc:     LA Gem & Jewelry Design, Inc.
        Target Corporation

EXHIBIT 3



**Susan E. Farley**
Partner
Susan.Farley@hrfmlaw.com

**Shanna K. Sanders**
Partner
Shanna.Sanders@hrfmlaw.com

November 8, 2017

**VIA ELECTRONIC MAIL ONLY (milord@milordlaw.com)**
Milord A. Keshishian, Esq.                                    <u>Pursuant to F.R.E. §408</u>
Milord Law Group
10517 West Pico Boulevard
Los Angeles, CA 90064

Re:    **Chamilia, LLC's ID Bangles Collection**
          HRFM File No.: 3910.013
          Your Reference No.: LAR09-187L

Dear Mr. Keshishian:

      We received and reviewed your letter dated October 23, 2017 on behalf of LA Gem & Jewelry Design, Inc. While Chamilia has not and is not asserting patent protection with respect to its ID Bangles collection of jewelry, Chamilia disagrees with the multitude of positions alleged in your letter. We also note your analysis omits other relevant concerns by Chamilia such as unfair competition under state law. The letter was sent to Target as soon as the issue came to our client's attention and in the hope of resolving it amicably. Please be advised that Chamilia has filed for copyright registration, due in large part to the tone of your letter. Notwithstanding the foregoing, we will consider this matter closed based on your representation that LA Gem will no longer be selling the accused products to Target.

      Very truly yours,

      HESLIN, ROTHENBERG, FARLEY & MESITI P.C.

      Susan E. Farley
      Shanna K. Sanders

SKS/srb

cc:    J. Nicolas Anwandter, Esq. (via email only)
          Stephanie Trice (via email only)
          Charity Graham (via email only)

EXHIBIT 4



**Susan E. Farley**
Partner
*Susan.Farley@hrfmlaw.com*

**Shanna K. Sanders**
Partner
*Shanna.Sanders@hrfmlaw.com*

March 8, 2018

**VIA ELECTRONIC MAIL ONLY** (Jennifer.King2@target.com)
Ms. Jennifer King, Lead Paralegal
Target
1000 Nicollett Mall, TPS 3165
Minneapolis, MN 55403

> Re:   **Chamilia, LLC's ID Bangles Collection**
> HRFM File No.: 3910.013

Dear Ms. King:

We are intellectual property counsel to Chamilia, LLC, a wholly owned subsidiary of Swarovski North America, Ltd.  We wrote to Target on September 15, 2017 regarding Target's advertising and sale of "Silver Plated Two Tone Bangle Bracelets" that imitate Chamila's ID Bangles collection of bracelets.

By email dated October 4, 2017, you notified us that Target had tendered the matter to Los Angeles Gem and Jewelry Design (LA Gem), its vendor for the items at issue, for full handling and resolution.  On October 23, 2017, LA Gem responded to Chamilia's original letter of September 15, 2017.  LA Gem stated in its October 23rd letter that the accused products will not be sold at Target (*excerpt below*):

> In sum, Chamilia is attempting to enforce its non-existent rights – in an anticompetitive manner.  Because Chamilia does not have any enforceable intellectual property rights and the subject products **cannot infringe as a matter of law, LA Gem expects a retraction of Chamilia's** correspondence to Target by **November 1, 2017**.  As for the product at Target, the run did not perform well and it will not be sold at Target.

(Complete copies of all correspondence referenced above are attached hereto as Exhibit A).

We recently discovered that the accused products are still being advertised and offered for sale by Target. (See Exhibit B hereto).  While Chamilia has since filed for copyright registration, Chamilia relied on LA Gem's October 23rd representation that the accused products would no longer be sold at Target in forbearance of further legal action.  **Please confirm that Target will immediately cease all advertising and sale (online and in retail stores) of the accused products in Exhibit B in accordance with your vendor's October 23rd representation.**

Ms. Jennifer King
March 8, 2018
Page 2 of 2

        We look forward to your response by **<u>March 22, 2018</u>**.  Should you have any questions, please contact us.

              Very truly yours,

              HESLIN ROTHENBERG FARLEY & MESITI P.C.

              Susan E. Farley
              Shanna K. Sanders

SKS/srb
Enclosures

cc:     Jeanine Landstrom, Target
        Katie Dunn, Target
        Kerri Dlugokinski, Target